Argued August 18, appeal dismissed for want of jurisdiction September 26, 1977

STATE OF OREGON, *Appellant,*
*v.*
JAMES EDWARD MARQUELING, *Respondent.*
(No. T-75-6187-1, CA 8418)
569 P2d 645

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Todd G. Brown, Corvallis, argued the cause for respondent. With him on the brief was McClain and Brown, Corvallis.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The dispositive issue is whether this court or the circuit court has jurisdiction over appeals from cases tried in district court prior to January 1, 1977, but in which the appeal was not taken until after January 1, 1977.

The case at bar was tried in the district court in 1976, but the notice of appeal was not filed until after January of 1977.[1]

Former ORS 46.250 provided that appeals from district court were to be tried anew in circuit court. *See also* ORS 53.090. There were no provisions for making a record of district court trials. In 1975, by amendment to ORS ch 46, district courts were made courts of record. The legislation also provided that all appeals from district courts be brought directly to the Court of Appeals on the record made. Oregon Laws 1975, ch 611, p 1511; *see* ORS 46.330, 46.250. Section 25(2) of ch 611 provides that the new sections, ORS 46.330 and 46.250, were not to become operative until January 1, 1977, and § 26 of ch 611 provided:

> "This Act shall not affect any appeal to circuit court that was perfected before January 1, 1977. Such appeals shall be tried by the circuit court in accordance with the law existing on the date the appeal was perfected."

As district courts were not courts of record until January 1, 1977, there is no record for us to review. Yet, as this appeal was not taken until after January 1, 1977, it appears that an appeal to circuit court where a record could be made was not contemplated by ORS ch 46.

There is no doubt but that the situation with which we are faced here is due to a legislative oversight. We can only conclude that if the legislature had considered the matter, it would have said that all cases tried

---

[1]The state has appealed both to this court and to the circuit court.

under the pre-1977 law would be appealed under the pre-1977 law. We so hold.[2]

Appeal dismissed for want of jurisdiction.

---

[2]This problem was contemplated when the rules governing appeals from district court to this court were adopted by this court. DCAR 1.1 provides:

"These rules govern appellate procedure and provide the method for appealing cases from the district courts to the Court of Appeals and for filing petitions for review and rehearing in the Supreme Court. These rules apply to all appeals in cases tried in the district courts on January 1, 1977, or thereafter."